Good morning, ladies and gentlemen. I'm advised that all counsel arguing today are present, so no need for me to call attendance. Instead, we'll get started right away with Suarez v. Mosaic Sales. Good morning. Do I need to enter an appearance? Have you already signed in with the group? No, no. You need not do anything more than give us your argument. Thank you. So, good morning. I came here to respectfully submit to you that the main issue in this case is, in discrimination cases, the relationship between economic damages, things like lost wages, and non-economic damages, compensation for emotional harm. And my position that I would like to urge on the Court is that there should be no relationship at all. In other words, if someone has very little in the way of economic damages, lost wages and stuff, but is the victim of discrimination, they still could potentially have substantial emotional harm and substantial compensation for such emotional harm. I'm not sure we would disagree with that, but usually in such cases, there's something to support the scope of the claim, whether it's the need for medical treatment or psychological treatment, or something besides the just general claim that it caused what the Court sometimes called garden-variety emotional distress. What is there in this record that would help us there? Well, Your Honor, to be clear, getting into the specifics of this case, my client's claim for compensatory damages is based on garden-variety emotional distress. And it's his position that the range of damages available in this circuit for such claims gives him a reasonable probability, just looking at his compensatory damages and ignoring punitive damages and attorney's fees, of exceeding the threshold for diversity jurisdiction. And that's, of course, what this case is about. Well, of course, the garden-variety distress cases tend to be cases of, for example, racial discrimination. Here, is it not the case that the violation is a procedural violation? That is, the employer would have been free without liability to say, we just don't think this position is appropriate for someone who's an ex-offender. Is that not right? Well, Your Honor, in terms of discrimination versus what Your Honor has termed a procedural violation, I would respectfully submit that in terms of my client's compensatory damages, like how egregious the employer's conduct was, really doesn't matter. So if they engage in a procedural violation, a technical violation of the law, and, of course, we're assuming that for the sake of argument here. There's been no discovery in this case. And my client suffers severe emotional harm as a result. I would submit that there's no reason he shouldn't be. Why would we think there is severe emotional harm? This is not quite the same thing as the insult of saying people like you don't belong, can't be hired, or to the extent that is what the employer thought, that was lawful. The problem is just that he was entitled to a hearing first. I'm not sure if we've seen, or, you know, to a notice and opportunity to contest, in effect. I don't know that I've seen cases of, you know, $50,000, $100,000 compensatory damages for the insult of not getting a hearing. Well, Your Honor, I mean, that's not entirely true as a side note. There has to be a balancing. So even if he gets a hearing, the employer, if he does the hearing and decides, well, no, we don't want this person here, they might still lose because a court could say, well, no, these youthful indiscretions don't make him unfit to be a bailiff. Well, is that the case under the Fair Chance Act, that the court can substantively review the balancing that the employer makes? Absolutely, 100%. And do you have any cases of emotional distress damages from violations of the Fair Chance Act that we could look to as exemplars or models here? No, Your Honor. It's a relatively new statute. I mean, it's not necessarily a problem. I take it that what you're asking is for us to analogize to race discrimination cases because if you look at the legislative history of the Fair Chance Act, one of the animating concerns was the racial impact of discriminating against people with a record. Well, yes. Is that right or is that wrong? I mean, it's not really that idea is in my head, but I would submit that it's not. So you're telling me I'm wrong about your argument. Sorry? So you're telling me that I'm wrong about your argument in phrasing it that way or framing it that way. What I would say is this. If someone says we don't want your kind around here because of your race or because you had some youthful indiscretion that resulted in a conviction that really has no bearing on the job, either one is something that reasonably might make somebody pretty upset. One is thought of as invidious by society, and the other may not be in quite that category. But let me take you back to something I think you said to Judge Lynch, and I want to make sure I understand it. It would have been possible for the proceeding to have overruled the employer, but that would have entitled him to compensation for the back pay and the damages, which are only a few thousand dollars. I'm not sure I understand how the denial of that proceeding and the opportunity to get rescinded what was a relatively modest amount of wage compensatory damages supports your claim of tens of thousands of dollars of emotional damages. So help me out. Well, Your Honor, what made him upset was losing his job. Of course, I understand that. It was a seasonal job. It had a limited period, and he did get another job. But I'm assuming for a moment your contention that if it had gone to a proceeding, he would have been awarded all of the back pay. Well, if the ñ you know, when Your Honor says the word proceeding, you mean if the employer had followed the procedures of the Fair Chance Act? Right. So if they'd followed those procedures, if we're to believe them, he would have gotten the job. But not necessarily immediately. So he would have had to have gotten back pay. Well, no, because what would have happened was he never would have actually had his job rescinded if the procedure had been followed. Again, if we're to believe them, what they're saying here ñ But I understand it was a seasonal job. So while all these proceedings took place, somebody would have had to have been doing the work. Well, no, he would have been working on through. And let me just add that he denies it was a seasonal job. He says it was a permanent job. Yeah, but they've got records that show that they only had someone in it for 10 weeks, so he can't ñ his statement is, I don't think, enough on that. Well, he would be entitled to take discovery on that point. I mean, if he's told at the job interview this is a permanent job and the employer later says, no, this never was a permanent job, I mean, it's hard to see how that issue could be resolved on a motion to dismiss. The job was eliminated after four weeks. I mean, that's part of the record. Well, the employer ñ okay, so that's a different thing. So if they're saying that it was a permanent job, but in any event it was eliminated. In any event, I still am having trouble understanding how this supports a claim of extraordinary mental damages. Well, I guess I have nothing to say beyond that he had his job rescinded and he was very upset about it. Well, your argument is that it's not a claim of extraordinary emotional damage. It's a claim of garden-variety emotional distress. And under our precedence, such claims have been or jury findings of damages north of $75,000 have been upheld in cases of, quote, garden-variety distress. That's correct, Your Honor. By the way, does your complaint actually allege that he suffered damages in excess of $75,000? Well, what the complaint says is that he seeks damages not to exceed $100,000. Not to exceed? That doesn't say my damages are more than $75,000. That would be entirely ñ that allegation would be entirely consistent with damages of $0.30. Well, Your Honor, I would ask ñ you know, I addressed that in my reply papers. I would ask that the complaint be read liberally. If someone had made that argument below, I would have cross-moved to amend to say we're seeking $100,000. It was just how it was phrased. Okay. So, you know, I would ask that either that be read liberally or that I be able to amend. What I'm wondering here is does the presumption apply in a case where all that is said is, and let's even accept that it says damages of $100,000 without any further specification as opposed to a complaint that says I had this much in lost wages, I had this much in ñ I'm asking for this much for emotional distress and so on, with some specificity. Well, it alleges the details of the emotional distress he suffered. And, again, I would respectfully ask that the complaint be read liberally. All right. Thank you very much. All right. Thank you. Your adversary has decided to submit, so we will now take the case under advisement. Thank you, Your Honor.